# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>       Plaintiff, <br><br> v. <br><br> GERARDO TERAN, <br><br>       Defendant. | Case No.: 17cr1909-MMA <br><br> **ORDER DENYING GOVERNMENT'S MOTION IN LIMINE TO ADMIT EVIDENCE OF PRIOR LAW ENFORCEMENT CONTACT AND RELATED BORDER CROSSING HISTORY** |

Defendant Gerardo Teran is charged in a seven-count Indictment with making false written statements in order to acquire various weapons from licensed firearms dealers, in violation of Title 18, United States Code, section 922(a)(6). The second jury trial of this matter is scheduled to begin on August 14, 2018. The government moves *in limine* to admit evidence of Defendant's 2007 purchase of a firearm in the United States that was seized in Mexico, his 2010 contact with law enforcement regarding the purchase and seizure, and records of Defendant's border crossing history for the related time period. After considering the oral arguments of counsel during the August 6, 2018 hearing and for the reasons set forth below, the Court **DENIES** the government's motion.

1

## DISCUSSION

According to the government, on December 13, 2007, Defendant took possession of a firearm purchased in the United States. Mexican authorities seized the firearm that same day in Tijuana, Mexico. In March 2010, ATF Special Agent Matthew Beals opened an investigation, and several months later he contacted Defendant regarding the incident via telephone to arrange an interview. Defendant demurred, an interview did not take place, and records reflect that Defendant did not cross the border from Mexico into the United States again until October 2012. The government moves to admit evidence of these events through the testimony of Special Agent Beals and supporting documentation, including border crossing records from the calendar year immediately preceding Defendant's September 2010 contact with Special Agent Beals, and the absence of any such records for the following two years.

### 1. Relevant Law

Evidence of a prior act is not admissible to prove a person's character in order to show that on a particular occasion, the person acted in conformity therewith. *See* Fed. R. Evid. 404(b)(1). However, such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "The use of evidence pursuant to this rule 'must be narrowly circumscribed and limited' and 'may not be introduced unless the government establishes its relevance to an actual issue in the case.'" *United States v. Garcia-Orozco*, 997 F.2d 1302, 1304 (9th Cir. 1993) (quoting *United States v. Hodges*, 770 F.2d 1475, 1479 (9th Cir. 1985) (internal quotation omitted)).

Evidence of prior acts is not subject to the strictures of Rule 404(b) if it is "inextricably intertwined" with the charged offense. *See United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995). This is so when (1) "particular acts of the defendant are part of . . . a single criminal transaction," or when (2) "other act evidence . . . is necessary in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *Id*. at 1012-13. Regardless of Rule

404(b)'s application, the court must also determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *See United States v. Lozano*, 623 F.3d 1055, 1060 (9th Cir. 2010).

### 2. Analysis

The government argues that Defendant's 2007 firearm purchase, the contact in 2010 between Defendant and Special Agent Beals, and Defendant's related border crossing history, is probative of Defendant's intent to deceive the sellers from whom he purchased the firearms at issue in this case, and knowledge that he made false statements regarding his residency in doing so. The government asserts that this evidence is "inextricably intertwined" with the charged offenses because it provides the "complete narrative of how Defendant came to the attention of the ATF and his deception was ultimately uncovered." Doc. No. 65 at 7-8. However, this evidence is not necessary to provide a "coherent and comprehensible story" regarding the crimes for which Defendant is currently charged. *Vizcarra-Martinez*, 66 F.3d 1006 at 1012. As such, the evidence must be admissible pursuant to Rule 404(b).

Prior act evidence is admissible if: "(1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged." *United States v. Verduzco*, 373 F.3d 1022, 1027 (9th Cir. 2004). "If the evidence meets this test under Rule 404(b), the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." *United States v. Chea*, 231 F.3d 531, 534 (9th Cir. 2000).

The government must prove beyond a reasonable doubt that Defendant "made a false statement or furnished or exhibited false identification, intended or likely to deceive the seller" from whom he purchased the firearms in question. Doc. No. 48 at 14. This case hinges on the address provided by Defendant on ATF Forms 4473 at the time of seven separate firearms purchases made between September 1, 2016 and May 31, 2017.

The key issue is whether Defendant intentionally provided a false residential address on those forms in order to effectuate the sales of the firearms.

The proffered evidence will demonstrate that on November 27, 2007, Defendant provided a San Diego residential address on an ATF Form 4473 in relation to the purchase of a firearm; Defendant took possession of the firearm on December 13, 2007; that same day, the firearm was recovered in Tijuana, Mexico. As Defendant notes, this evidence may have been relevant and probative if the government had charged Defendant with the illegal exportation of firearms to Mexico. However, the probative value of the government's proffered evidence to the charges in this case is minimal. There is nothing to suggest that Defendant provided a false residential address on the ATF Form 4473 at the time of purchase in 2007. The address was in fact a residential address, and matched the address on Defendant's California Driver's License at the time.

Moreover, Special Agent Beals did not open his investigation into the incident until over two years later. Whether Defendant maintained his primary residence in Mexico in September 2010 is of little relevance to his 2007 firearm purchase or the current charges. Likewise, records of Defendant's border crossing history during the calendar year leading up to the contact with Special Agent Beals – 2009 through 2010 – has little probative value. It is not temporally related to Defendant's 2007 firearm purchase, nor is it particularly relevant to the charged conduct which took place many years later. Simply put, there is a missing link between the purchase and seizure of the firearm in 2007, and Special Agent Beals' failure to locate Defendant at a San Diego residential address in 2010. There is similarly a missing link between Special Agent Beals' investigation into Defendant's activities in 2010, and Defendant's subsequent firearm purchases in 2016 and 2017. And to the extent this evidence is probative of any material issue at trial, the probative value will be substantially outweighed by its prejudicial effect.

//
//

## CONCLUSION

Based on the foregoing, the Court **DENIES** the government's motion *in limine* to admit evidence of Defendant's 2007 firearm purchase, 2010 contact with Special Agent Beals, and related border crossing history.

**IT IS SO ORDERED**.

DATE: August 8, 2018

_____
HON. MICHAEL M. ANELLO
United States District Judge